*689 OPINION.
Smith:
In its petition the taxpayer alleges error on the part of the Commissioner in determining a deficiency for the year 1918 in the amount of $6,062.83, as follows:
(a) The Commissioner’s determination of the deficiency does not give the taxpayer the relief by special assessment to which it is entitled.
(5) The Commissioner, in obtaining comparatives, has used corporations which are not properly comparable to taxpayer.
(c) The taxpayer has not been informed what comparatives have been used by the Commissioner in determining the said deficiency.
The only material evidence presented in this appeal is stated in the findings of fact. The taxpayer alleges an abnormality in income for the year 1918 arising from the fact that during the early years of taxpayer’s existence the officers had served the corporation at small salaries and that the president had equipped two of the planers used by it in the making of switch points with a device invented by him which materially increased the output and lessened the cost of production of switch points. We do not think that these facts prove any material abnormality of income. The president of the corporation would not state any specific amount of its profits for the year 1918 which could be ascribed to the use of the device, and the only evidence before the Board that the taxpayer’s profits tax determined by the Commissioner was in excess of the profits tax paid by representative concerns is that the profits tax of the St. Louis Frog & Switch Co. for 1918 was only 57 per cent of the total net income. This evidence does not prove such an abnormality of income as warrants the determination of the taxpayer’s liability under the provisions of section 328 of the Revenue Act of 1918.
Aiiundell not participating.